JAMES L. DENNIS, Circuit Judge,
concurring in part and concurring in the judgment:
I join the en banc court’s opinion in its entirety except as to its reason for denying Appellants’ Fourth Amendment claim, with which I agree in result. I also join the concurring opinion of Judge Prado, except to the extent that it adopts the en banc court’s reason for denying this claim. In United States v. Verdugo-Urquidez, 494 U.S. 259, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990), the Supreme Court apparently ruled that the phrase “the people” in the Fourth Amendment “refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this community to be considered part of that community.” Id. at 265, 110 S.Ct. 1056. I am inclined to agree, however, with those who have suggested that the Verdugo-Urquidez view cannot be squared with the Court’s later holding in Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008), that “questions of extraterritoriality turn on objective factors, and practical concerns, not formalism.” Id. at 764, 128 S.Ct. 2229; see Wayne R. LaFave et al., 2 Crim. Proc. § 3.1(i) n. 237.1 (3d ed.2014) (citing Gerald L. Neuman, The Extraterritorial Constitution After Boumediene v. Bush, 82 S. Cal. L.Rev. 259, 259, 272 (2008); Ellen S. Podgor, Welcome to the Other Side of the Railroad Tracks: A Meaningless Exclusionary Rule, 16 Sw. J. Int’l L. 299, 310 (2010)); Baher Azmy, Executive Detention, Boumediene, and the New Common Law of Habeas, 95 Iowa L.Rev. 445, 465 (2010); Christina Duffy Burnett, A Convenient Constitution? Extraterritoriality After Boumediene, 109 Colum. L.Rev. 973, 1044 (2009); Timothy Zick, Territoriality and the First Amendment: Free Speech at — and Beyond — Our Borders, 85 Notre Dame L.Rev. 1543, 1614 (2010).
The Mexican government has indicated that our adjudication of the Appellants’ claims, whether under the Fourth or Fifth Amendment, in this particular case would not cause any friction with its sovereign interests. However, it appears that our judicial entanglement with extraterritorial Fourth Amendment excessive-force claims would be likely to involve impracticable and anomalous factors. For these reasons, I agree with the opinion of the court in declining to apply the Fourth Amendment to adjudicate the Appellants’ claims but I do so out of concern for pragmatic and political questions rather than on a formal classification of the litigants involved.